UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALEB BANKS,

          Petitioner,

v.                                          Case No. 2:06-cv-280
                                          HON. GORDON J. QUIST

BARRY DAVIS,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Caleb Banks filed this petition for writ of habeas corpus challenging the validity of his state court conviction for first degree criminal sexual conduct and first degree home invasion. Petitioner was convicted after a jury trial and was sentenced to concurrent prison terms of 23 to 50 years for the criminal sexual conduct conviction and 11 to 20 years for the home invasion conviction.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. The trial court violated appellant's due process rights by refusing to suppress a photograph of the interior of the complainant's residence that depicted a religious symbol and effectively bolstered the complainant's credibility based on her religious beliefs.

II.  The trial court violated appellant's due process right to trial by an impartial jury by allowing jurors to submit questions for witnesses during the trial.

III.  The trial court violated appellant's due process rights by refusing to suppress appellant's statement to the police where appellant's judgment was impaired by drug intoxication and sleep deprivation to the point that appellant was not competent to waive Miranda rights and his statement was coerced.

IV.  The trial court violated appellant due process rights at sentencing by scoring offense variables and increasing the statutory sentencing guideline range based on alleged facts which the prosecutor did not charge and prove beyond a reasonable doubt at a trial or have appellant admit at a plea.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption

- 3 -

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

      Petitioner argues that the admission of a photograph depicting the victim's apartment

hallway was prejudicial because the photograph showed a crucifix on the wall. The Michigan Court

of Appeals found no error and found that the photograph was properly admitted to provide the jury

with "an intelligible presentation of the full context in which disputed events took place."

      Petitioner contends that the trial court abused its discretion when it admitted evidence

where the probative value was outweighed by the prejudicial effect contrary to Michigan state law.

However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction."

*Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the

issue of whether the admission of evidence in violation of California state law entitled a petitioner

to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not
> lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110
> S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v.
> Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29
> (1984). Today, we reemphasize that it is not the province of a federal
> habeas court to reexamine state-court determinations on state-law
> questions. In conducting habeas review, a federal court is limited to
> deciding whether a conviction violated the Constitution, laws, or
> treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423
> U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

      The appropriate inquiry is whether the allegedly improper admission of evidence

violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court

will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the

- 4 -

denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187

F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. Petitioner has failed to establish that his constitutional rights

were violated.

Similarly, petitioner raised the issue regarding juror questions as a state law claim.

The Michigan Court of Appeals rejected this claim explaining:

> Defendant next alleges that the trial court erred when it allowed jurors to submit questions for witnesses during trial. We disagree. Because defendant did not object to either the instruction that allowed the jurors to ask questions, or the specific questions challenged on appeal, we review this unpreserved issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).
>
> Defendant contends that this practice should be prohibited as a matter of law reform, and that the present occurrences constitute structural error requiring reversal. However, in Michigan, "the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court." *People v Heard*, 388 Mich 182, 188; 200 NW2d 73 (1972). Further, the record reveals that the trial court properly screened the questions as asked only those that were proper. Accordingly, defendant has not demonstrated plain error. *Carines, supra*.

When a state-law default prevents further state consideration of a federal issue, the

federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst*

*v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit

applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first

determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).  This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

        Further, even though the court of appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995). Petitioner has failed to show cause or prejudice for his procedural default. Moreover, petitioner has shown no constitutional error.

Petitioner claims that his *Miranda* rights were violated because he not make a voluntary statement due to his intoxication. The Supreme Court has stated:

> We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the *Miranda* safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police. A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But since the police surely cannot be held accountable for unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.

*Rhode Island v. Innis*, 446 U.S. 291, 300-02, 100 S. Ct. 1682, 1689-90 (1980). It is well settled that statements made voluntarily by the defendant are admissible and not a violation of *Miranda*. *Miranda v. State of Arizona*, 384 U.S. 436, 478, 86 S. Ct. 1602, 1630 (1966). The trial court judge determined that petitioner voluntarily waived his *Miranda* rights and that the asserted intoxication did not put petitioner in a position that he was unable to knowingly waive his rights. The Michigan Court of Appeals affirmed that finding stating:

> The record demonstrates that defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. While it is undisputed that defendant had been consuming alcohol and drugs, the record shows that the detective followed proper procedure to determine defendant's capacity to effectively waive his rights before interviewing defendant, and obtained defendant's waiver and statement absent coercion. Further, intoxication is only one aspect of the totality of the circumstances approach to assessing voluntariness and is not

dispositive of the issue of voluntariness. *People v Leighty*, 161 Mich App 565, 571; 411 NW2d 778 (1987). We cannot conclude that the trial court's decision was clearly erroneous under these circumstances.

Petitioner has presented no evidence which even suggests that the Michigan Courts made an improper finding. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that the trial court violated his due process rights at sentencing based upon facts that were not contested at trial. Petitioner claims that the judge inaccurately considered the sentencing guidelines. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, first degree criminal sexual conduct provides for punishment of imprisonment for life or for any term of years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence

- 8 -

imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976).  If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.   To the extent that petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional, that issue must fail.  The issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury.  In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges.  Therefore, *Blakely* is not applicable.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. In the opinion of the undersigned, petitioner has failed to show that his state law claims rise to due process violations. Petitioner has failed to show that he made involuntary statements in violation of his *Miranda* rights or that he was sentenced in violation of the constitution. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  May 18, 2009